[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR EXCEPTIONS
The present negligence action was commenced on January 7, 1991, by the plaintiff, Dawn Romano, against the defendant, City of Derby. In her complaint, the plaintiff alleges that she was assaulted by her estranged boyfriend, David Salemme, who was also a police officer for the City of Derby. The plaintiff claims that the City of Derby was negligent in failing to protect her from David Salemme. CT Page 2387
On December 31, 1993, the case was tried before Attorney State Trial Referee Andrew J. Broughel and concluded on October 6, 1993. On February 18, 1994, a report of the trial referee's findings was filed in the Superior Court. On March 25, 1994, the plaintiff filed her motion to correct the referee's report. Such motion was denied on April 12, 1994. The plaintiff now requests the court to make exceptions to the referee's report.
In the present case, the plaintiff has filed exceptions to the referee's report on the ground that such report fails to incorporate undisputed facts that were found at trial. The plaintiff also seeks to have paragraphs 5-10 of her motion for exceptions added to the referee's report. The plaintiff claims that such paragraphs represent reasonable conclusions based upon evidence presented, and that they represent the claims made by the plaintiff before the trial referee.
The defendants object to the plaintiffs motion for exceptions on the ground that the plaintiff seeks to have disputed facts included in the report. The defendants further aver that the facts found at trial were based on the trier of fact's assessment and credibility of the witnesses.
Practice Book § 439 provides "[i]f a committee fails to correct a report or finding in compliance with a motion to correct,[1] the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding.[2] The court will not consider an exception unless its subject matter has been submitted to the committee in a motion to correct . . .; nor will the court correct a finding of fact unless a material fact has been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear."
The plaintiff seeks to have facts added to the report which she claims are undisputed. She does not, however, claim that any material facts were found without evidence or that certain facts were found in doubtful language.
In her motion, the plaintiff seeks to have the following facts added to the report: 1) if Chief Germain had been aware of the prior incidents he would have taken action; 2) the prior incidents should have been reported to Chief Germain at the time CT Page 2388 they occurred; 3) it was mandatory that officers report incidents involving other officers; 4) Chief Germain could have acted without a written report from the plaintiff.
A review of the record reveals that each of the above facts are in dispute. Chief Germain testified that if an officer was involved in an incident, he would not need to be informed of it unless there was some type of physical altercation or assault. Chief Germain further testified that it was not required that he be notified of every incident. Additionally, Lieutenant Corcoran testified that David Salemme could not be internally investigated unless a written complaint was lodged against him or unless an officer witnessed improper conduct by him. The record reveals that no written complaint was ever filed by the plaintiff against Officer David Salemme.
Plaintiff seeks to add facts which are in dispute. The court may only take exceptions to facts which are not in dispute.
Therefore, the plaintiff's motion for exceptions is denied.
SKOLNICK, J.